IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RALPH LEE AARON, # 270303,           )
                                     )
            Petitioner,              )
                                     )
      v.                             )      Civil Action No. 2:12cv186-WHA
                                     )                  (WO)
SHARON PRICE, *et al.*,              )
                                     )
            Respondents.             )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1), in which Alabama inmate Ralph Lee Aaron ("Aaron") challenges state convictions for first-degree sodomy and production of obscene material of a person under the age of 17 entered against him by the Circuit Court of Covington County.

The respondents answer that Aaron has failed to exhaust his state court remedies with respect to claims presented in his habeas petition. Specifically, the respondents maintain that Aaron may still present "Claim I" of his habeas petition, regarding his counsel's failure to challenge the search warrant as not having been signed, in the state courts by pursuing this issue (which was raised in Aaron's Rule 32 petition and decided adversely to Aaron by the state trial court and the Alabama Court of Criminal Appeals) in a petition for certiorari review filed in the Alabama Supreme Court. Doc. No. 12 at 9-10. Therefore, the respondents argue, Aaron has yet to subject this claim to one complete round of the state's appellate review process. *Id*. Aaron was allowed an opportunity to reply to the respondents'

answer, but failed to do so.

## I.  DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State . . . ." 28 U.S.C. § 2254(1)(b)(1)(A).  It is a longstanding prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1), thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)).  "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277-78.  To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

Upon review of the record in this case, it appears that Aaron has not yet exhausted his available state court remedies with respect to "Claim I" in his petition for habeas corpus relief.  This court does not deem it appropriate to rule on the merits of Aaron's claim without first requiring that he exhaust state court remedies.  *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome in state

court of Aaron's unexhausted claim, as there is nothing before this court that indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Consequently, the court concludes that the § 2254 petition for federal habeas relief should be dismissed without prejudice so that Aaron can pursue and exhaust his available state court remedies.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed without prejudice to afford Aaron an opportunity to exhaust all state court remedies available to him. It is further

ORDERED that on or before **May 17, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33

(11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 3rd day of May, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE